## SUCCESSION OF GAULDEN.—OPPOSITION OF REYNOLDS, BYRNE & CO.

R. B. & Co. obtained judgment against G. issued an execution under which the Sheriff seized a tract of land and advertised it for sale on a day stated. By consent of the parties the day of sale was postponed; G. died, and his administrators sold the land which had been seized. *Held:* that as there was nothing to show that the property continued to be under the operation of the seizure until the opening of the succession the seizing creditor had no lien on the proceeds of sale.

APPEAL from the District Court of the parish of East Feliciana, *Sterling*, J. *E. T. Merrick*, for opponent and appellant. *Bowman*, for appellee.

OGDEN, J. This is an opposition to a tableau of distribution. *Reynolds, Byrne & Co.* obtained a judgment against *Wade H. Gaulden*, which was partially executed by taking a twelve months' bond on the 5th of November, 1842. On the 19th of April, 1847, an execution having been sued out on the twelve months' bond, two tracts of land were seized by the Sheriff to satisfy the same. On the 4th of June, 1847, the day fixed for the sale, the parties in execution agreed to its postponement to the first Saturday of the ensuing month. *Gaulden* consented to a further postponement to the first Saturday of September, and waived the usual advertisements. There appears to be no evidence of any other agreement between the parties in relation to the sale of the property

<div style="margin-left:margin">SUCCESSION OF<br>GAULDEN.</div>

under seizure. There is a credit of $106 endorsed on the execution by the plaintiffs' attorney on the 22d of October, 1847. According to the Sheriff's certificate, the execution was returned on the 6th of September, 1850, on account of the defendants' death, as ordered by the plaintiffs' attorney. There is an admission in the record, that the land thus seized, was sold at the probate sale of the succession on the 2d of February, 1850, for the price of $800, on a credit of one and two years, and that $458 thereof had been realized by the administrators.

The plaintiffs claimed a privilege to be paid in preference to the other creditors out of the proceeds of this sale by virtue of the alleged seizure, and prayed to be accordingly ranked on the tableau. They are appellants from the judgment of the District Court rejecting their demands. We think that the Judge *a quo* did not err. Nothing shows that the property continued to be under the operation of the alleged seizure until the opening of the succession. It is unnecessary for us to express any opinion, whether the privilege accorded under Article 722 of the Code of Practice to the seizing creditor, may be kept alive by the mere postponement of a Sheriffs' sale from time to time to an unusual period, by consent of parties, so as to affect the rights of other creditors of the seized debtor.

It is threfore ordered, adjudged and decred that the judgment of the District Court be affirmed with costs in both courts.